**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-60075**
_____


**ESTATE OF ALGERINE ALLEN SMITH, Deceased,**
**JAMES ALLEN SMITH, Executor**

                                        **Petitioners-Appellants,**

                              **versus**

**COMMISSIONER OF INTERNAL REVENUE,**

                                        **Respondent-Appellee.**

_____

Appeal from a Decision of the
United States Tax Court
_____

November 7, 2002

Before JONES, SMITH, and SILER,[*]  Circuit Judges.

PER CURIAM:[*]

        After carefully considering the appellant's position in light of the briefs, pertinent portions of the record, and oral arguments, we affirm the judgment of the Tax Court.

_____

        [*]Circuit Judge of the 6TH Circuit, sitting by designation.

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At the time of her death, Algerine Allen Smith (decedent) was one of multiple defendants in a lawsuit brought by Exxon Corporation to recoup excessive royalty payments. The decedent's estate claimed a deduction on its federal estate tax return under 26 U.S.C. § 2053(a)(3) in the amount of $2,482,719, the entire amount sought by Exxon from the decedent. In 1997, the Tax Court held that the deduction for Exxon's claim was limited to $681,840, the amount eventually paid in settlement of the claim. Estate of Smith v. Comm'r, 108 T.C. 412, 425 (1997). On appeal, a panel of this Court concluded that the estate was not entitled to deduct the full amount claimed by Exxon, Estate of Smith v. Comm'r, 198 F.3d 515, 521 (5th Cir. 1999) (Smith I), and remanded the case to the Tax Court with instructions to appraise the value of Exxon's claim based on information known or available as of the date of the decedent's death. Id. at 517-18. On remand, the Commissioner presented the testimony of an expert witness that the value of Exxon's claim at the time of the decedent's death was not more than $681,840. The Estate did not present any evidence of the value of Exxon's claim but, instead, simply argued that it was entitled to deduct the full amount demanded by Exxon. The Tax Court limited the amount of the estate's deduction to $681,840.

The appellants challenge the Tax Court's limitation of the estate's deduction, the admission of the expert witness's testimony, and the denial of its motion to place the burden of proof on the Commissioner. We cannot square the appellants' claim

for a deduction in the amount of $2,482,719 with this Court's holding in Smith I. The Tax Court complied with the mandate of this Court in valuing Exxon's claim and did not abuse its discretion in admitting the testimony of the Commissioner's expert witness. The expert witness's testimony satisfies the requirements of Federal Rule of Evidence 702 and is precisely the type of evidence that this Court instructed the Tax Court to consider. We also conclude that the Tax Court did not err by placing the burden of proof on the estate regarding the claimed deduction. Sealy Power, Ltd. v. Comm'r, 46 F.3d 382, 387 (5th Cir. 1995).

For the foregoing reasons, the judgment of the Tax Court is affirmed.

**AFFIRMED**.